**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSE DANIEL LOPEZ AVELAR,

     Petitioner,

v.

Case No. 3:26-cv-715-TJC-MCR

MARKWAYNE MULLIN, Secretary
of the Department of Homeland
Security, et al.,

     Respondents.

## **O R D E R**

On April 1, 2026, Petitioner Jose Daniel Lopez Avelar, an immigration detainee at Baker County Facility, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus. (Doc. 1; Petition). The Federal Respondents filed a Response. (Doc. 12; Response). The case is now ripe for review.

### **I. Background**

Petitioner, a citizen of El Salvador, entered the United States on January 4, 2017, as an unaccompanied minor without inspection and was encountered by border patrol. Petition at 7; Response at 2. Since his entry, he has resided continuously in the United States. Petition at 7. Notably, on October 11, 2022, Petitioner's earlier immigration court proceedings "were dismissed pursuant to

a **Joint** Motion to Dismiss filed by DHS and Respondent. Id. at 9 (emphasis in original). Petitioner has an approved Form I-130 Petition for Alien Relative, filed by his United States citizen wife, and is pursuing lawful permanent resident status. Id. at 7. He has also filed a Form I-601A provisional Unlawful Presence Waiver with U.S. Citizenship and Immigration Services, which remains pending. Id. at 7–8. Petitioner also has a pending application for asylum and related protection, filed in 2020. Id. at 8. He has no criminal history. Id. at 14.

On February 18, 2026, Immigration and Customs Enforcement (ICE) officers conducted a worksite enforcement operation where Petitioner was working. Id. at 8. During that operation, "ICE officers arrested Petitioner despite his presentation of a valid driver's license and having a valid employment authorization document." Id. He was then taken into ICE custody, placed in removal proceedings, and transferred to Baker County Facility, where he remains detained. Id.; Response at 3.

## II. Analysis

The Petition contains two counts, alleging: (1) Respondents have violated the Immigration and Nationality Act; and (2) Respondents have violated the Fifth Amendment due process clause. Petition at 14–21. As relief, Petitioner requests, inter alia, immediate release or an order directing Respondents to provide him with a bond hearing before an immigration judge. Id. at 21.

2

As Respondents acknowledge, the Court has recently addressed nearly identical issues in Orozco Torres v. U.S. Dep't of Homeland Sec., No. 3:26-cv-646-TJC-LLL, 2026 WL 947955 (M.D. Fla. April 8, 2026). The Court incorporates the reasoning in Orozco Torres into this Order. A difference between the two cases is that Orozco Torres had a bond hearing at which the immigration judge determined he had no jurisdiction to consider bond, whereas Petitioner likely has not. But his efforts to secure a meaningful hearing would likewise be futile, given Respondents' position that he is being held under § 1225(b)(2) and that he is therefore "subject to mandatory detention." Response at 11.

Accordingly, the Court rejects the Federal Respondents' arguments that two statutory provisions, 8 U.S.C. § 1252(g) and (b)(9), deprive this Court of jurisdiction to adjudicate Petitioner's claims and that he failed to exhaust his administrative remedies prior to filing this case. Regarding the merits of his claim, the Court finds, in line with Orozco Torres, that Petitioner is not properly detained under § 1225(b)(2). Thus, his Petition is due to be granted. See 2026 WL 947955, at *6.[1]

---

[1] The Second Circuit Court of Appeals recently came to a similar conclusion. See Cunha v. Freden, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. April 28, 2026) ("Section 1225(b)(2)(A) does not apply to noncitizens, such as Petitioner, who are present in the United States after entering the country without inspection and admission, and who were not apprehended at or near the border at the time of entry. This result is dictated by the plain text of these

3

## III. Remedy

The Court considered requiring an individualized bond hearing before an immigration judge on Petitioner's detention. However, the Board of Immigration Appeals decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), which is binding on all immigration judges, held that such judges lack authority under 8 U.S.C. § 1225(b)(2) to consider bond requests for individuals who entered the United States without admission. Thus, if the Court were to require a hearing, the immigration judge would be bound to find, under Hurtado, that he or she lacks jurisdiction to provide Petitioner with a meaningful hearing.[2] Moreover, Respondents argue Petitioner is subject to "mandatory" detention under 8 U.S.C. § 1225(b)(2)(A), which does not permit

---

provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws. Finally, even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-detention-without-bond mandate in our Nation's history for millions of noncitizens.")

[2] Indeed, in previous similar cases before the undersigned, the immigration judges have found they do not have "jurisdiction" to grant an individualized bond hearing.

bond hearings. Response at 11.[3]

For these reasons, the Court finds ordering an individualized hearing would not afford relief and would be futile. See, e.g., Rivero v. Mina, No. 6:26-cv-66-RBD-NWH, --- F. Supp. 3d --- , 2026 WL 199319, at *4 (M.D. Fla. Jan. 26, 2026) (explaining that when the government "asserted no lawful basis" for petitioner's detention, allowing his continued detention while waiting for a hearing "would gut the purpose of habeas review") (citations omitted). Without any lawful basis for his detention at this time, and unable to access a meaningful bond hearing, the Court can only find that Petitioner is entitled to immediate release.

Since the Court will grant the Petition because Petitioner is not properly detained under § 1225(b)(2), it does not, and need not, address his due process claim. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Accordingly, it is hereby

---

[3] Respondents argue alternatively that if the Court finds that Petitioner is subject to detention under 8 U.S.C. § 1226, "the appropriate remedy" is to order a bond hearing before an immigration judge. Response at 15. However, Respondents have not contended that they are detaining Petitioner under § 1226. Consequently, the Court declines to address § 1226, finding only that the Petitioner is not properly detained under § 1225.

**ORDERED**:

1. Jose Daniel Lopez Avelar's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One; the Petition is otherwise **denied without prejudice** as moot. Respondents shall release Petitioner **within 48 hours of the entry of this Order**. Respondents shall facilitate Petitioner's transportation from the detention facility by notifying his counsel when and where he can be collected.

3. No later than **May 11, 2026**, Respondents shall **FILE** a notice with the Court confirming that Jose Daniel Lopez Avelar has been released from custody.

4. The Clerk shall **enter judgment** granting the Petition as to Count One and **close** the file.

5. The Court **retains jurisdiction** to effectuate this Order.

**DONE AND ORDERED** in Jacksonville, Florida this 5th day of May, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record

6